# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| LARRY S. SMITH, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:22-cv-112 |
| | ) Jury Trial Demanded |
| NEWPORT UTILITIES, | ) |
| Defendant. | ) |

# COMPLAINT

COMES now the Plaintiff, Larry S. Smith (hereinafter "Plaintiff" or "Mr. Smith"), by and through counsel and files this Complaint against the Defendant, Newport Utilities (hereinafter "Defendant" or "Newport Utilities") for disability discrimination in employment and violation of the Family and Medical Leave Act, and respectfully shows this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This action seeks to remedy violations of the Americans with Disabilities Act of 1990, as Amended ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. §2601, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 for violations of the ADA and the FMLA.

3. Venue is proper under 28 U.S.C. §1391(b)(1) and (2) because the parties reside in this judicial district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITE

4. Plaintiff has exhausted all administrative remedies and conditions precedent to filing this action. Plaintiff has filed this action within ninety (90) days of receiving a Notice of Rights from

the Equal Employment Opportunity Commission ("EEOC"); a copy of Plaintiff's June 23, 2022 U.S. Equal Employment Opportunity Commission Notice of Right to sue is attached, Exhibit 1.

## PARTIES

5. Mr. Smith is a citizen and resident of the Cocke County, Tennessee.

6. Newport Utilities is a public utility company serving Cocke County, Tennessee with a principal place of business at 170 Cope Boulevard, Newport, Cocke County, Tennessee 37821. Newport Utilities may be served with process through its General Manager, Michael Williford.

## FACTS

7. Newport Utilities is an "employer" pursuant to the ADA and the FMLA.

8. At all times pertinent to Mr. Smith's claims of disability discrimination in employment and violations of the FMLA he was employed by Newport Utilities in Cocke County, Tennessee.

9. On or about August 15, 1988 Mr. Smith became employed with Newport Utilities as a Groundsman. On or about 1992, Mr. Smith completed TVPPA Lineman Apprenticeship earning a position as a Journeyman Linesman. At all times pertinent hereto and to date, Plaintiff remains qualified, with or without reasonable accommodation to perform the Groundsman, Journeyman Linesman and other positions with Newport Utilities, including performance of electrical work, stockroom work, line crew and flagging.

10. On or about September 2014, Mr. Smith was promoted to the position of Bucket Foreman with Newport Utilities. At all times pertinent to Plaintiff's present claims and to date, Mr. Smith is qualified to perform the essential duties of Bucket Foreman, with reasonable accommodation.

11. Throughout Mr. Smith's employment with Newport Utilities he performed his job duties satisfactorily and received numerous favorable performance evaluations.

12. On or about the Fall of 2019, Mr. Smith was diagnosed with a serious health condition, specifically a seizure condition for which he sought treatment with his primary care physician.

13. On or about April 2020, Mr. Smith's primary care physician, Thomas Conway, M.D. issued a letter addressed to Newport Utilities, Attention: Connie Frisbee, Vice President Human Resources & Compliance (Frisbee) advising Defendant that Mr. Smith was recently hospitalized at Newport Medical Center, he had received subsequent treatment and was at that time being

released to return to full duty including operating machinery. Newport Utilities received Dr. Conway's aforementioned letter regarding Mr. Smith on or about April 8, 2020 placing Defendant on notice that Mr. Smith had been released to return to work full duty; letter attached as Exhibit 2.

14. On or about August 6, 2020 Mr. Smith experienced a brief loss of consciousness during the workday. Despite Defendant having knowledge of Mr. Smith having experienced a number of "staring spells" with altered awareness and other related symptoms, and that Mr. Smith was able to continue employment, on August 6, 2020 and subsequent thereto Newport Utilities did not allow Mr. Smith to return to work pending a medical evaluation.

15. Pending medical evaluation, Newport Utilities placed Mr. Smith on family and medical leave beginning on or about August 7, 2020.

16. On or about August 7, 2020, Mr. Smith had not requested FMLA leave nor did he submit an FMLA certification from Dr. Conway. Nonetheless, as of August 7, 2020, Mr. Smith was eligible for twelve (12) weeks of FMLA leave and the restoration to position rights associated with the FMLA, including 29 U.S.C. §2614.

17. As of April 8, 2020, Mr. Smith was earning $39.79 per hour, plus health benefits, life insurance, vacation pay and other benefits as an employee of Defendant.

18. On November 3, 2020, Mr. Smith's physician released him to return to work at Newport Utilities with no restrictions. Newport Utilities received Mr. Smith's release to work per the November 3, 2020 medical release.

19. Contrary to Mr. Smith's November 3, 2020 medical release to return to work with no restrictions, Newport Utilities refused to allow Mr. Smith to return to work as a Bucket Foreman or in any other position.

20. On or about November 3, 2020, Newport Utilities required Mr. Smith to be evaluated by its occupational health physician, Dr. Marilyn A. Bishop (Dr. Bishop), located in Johnson City, Tennessee.

21. Plaintiff avers Dr. Bishop also serves on Newport Utilities Workers' Compensation Panel and/or provides other medical services for Defendant, and/or is employed on a regular basis by the Defendant.

22. On or about November 6, 2020, Dr. Bishop issued an "Examination Report" specifically stating Mr. Smith "can perform the essential job functions [Bucket Foreman] with the following accommodation: No operation of company vehicles or power equipment. This accommodation will be reconsidered in five months. No working greater than twelve hours per day or fifty-five hours per week." Dr. Bishop further documented additional comments, specifically stating, "medical leave has been recommended."

23. On November 6, 2020, Dr. Bishop specifically documented in the Examination Report regarding Mr. Smith that Mr. Smith would be considered for return appointment in five months. Newport Utilities received a copy of Dr. Bishop's November 6, 2020 Examination Report.

24. Subsequent to November 6, 2020, Newport Utilities did not request Mr. Smith to obtain or otherwise seek a third resolution of conflicting opinions medical opinion regarding Mr. Smith's ability to return to work with Defendant with or without reasonable accommodation.

25. On or about November 9, 2020, Defendant, through Frisbee provided correspondence to Mr. Smith specifically stating, "Dr. Bishop recommends you take medical leave with re-evaluation in five months." Defendant further included in the November 9, 2020 letter to Mr. Smith that "per my letter dated October 22, 2020 you are eligible to apply for Long-Term disability. I have submitted the employer portion to Reliance Standard Insurance Co. and they are awaiting your application as well."

26. On or about October 30, 2020 Mr. Smith's available FMLA leave expired. At that time, Newport Utilities did not allow Mr. Smith to return to work as a Bucket Foreman or offer him any other position he was qualified for, with or without reasonable accommodation. Further, on October 30, 2020 or any time thereafter, Newport Utilities did not request Mr. Smith to submit to or provide a third medical opinion regarding his ability to return to work with or without restrictions.

27. During the period of August 7, 2020 through November 6, 2020 Defendant knew Mr. Smith desired to return to work with Newport Utilities.

28. In 2020, Mr. Smith met with Frisbee and Frisbee stated to him "why don't you retire, you have your points in." Mr. Smith refused to retire at that time and was insistent that he wished to return to work with Newport Utilities.

29. At the insistence of Newport Utilities, Mr. Smith submitted an application for long-term disability benefits and provided Defendant's insurance provider with an attending physician's statement of disability noting the seizure condition as well as restrictions that Mr. Smith not drive a commercial vehicle requiring a CDL and no other restrictions regarding physical capacities and work hours other than "if [Mr. Smith] worked up to sixteen straight hours, must have at least eight hours off thereafter. Maximum thirty-two hours overtime per week (72 hours total work per week), from attending physician Arvo Kanna, M.D. dated May 5, 2021.

30. Newport Utilities did not consider Mr. Smith's work restrictions issued by neurologist Arvo Kanna, M.D. on May 5, 2021 in its interactive process in considering whether Mr. Smith could return to work with or without reasonable accommodation.

31. As of May 11, 2021, Mr. Smith was entitled to all rights afforded by the ADA.

32. On May 11, 2021 Newport Utilities advised Mr. Smith that he had "been unable to work since August 6, 2020, over nine months, due to your medical restrictions. Your FMLA expired on October 30, 2020 and you have no other leave remaining," and further advised Mr. Smith that his employment with Newport Utilities would be terminated effective May 31, 2021.

33. In Newport Utilities' May 11, 2021 letter of termination to Mr. Smith, Defendant references his long-term disability coverage through its insurance company, Reliance Standard but did not reference or consider Dr. Kanna's return to work restrictions or any reasonable accommodation based thereon.

34. Newport Utilities' true reason for terminating Mr. Smith's long-term employment with Defendant was not the reason stated by Defendant in its termination letter of May 11, 2021. Newport Utilities terminated Mr. Smith's employment because of his disability and because he requested a return to work with or without reasonable accommodation, and in violation of his rights under the FMLA.

## COUNT I
### Disability Discrimination

35. Mr. Smith incorporates by reference the allegations contained in Paragraphs 1–34 as if set forth fully herein.

36. Mr. Smith suffers from a "disability" within the meaning of the ADA.

37. Defendant knew of Mr. Smith's disability and treated Mr. Smith less favorably than similarly situated employees without disabilities.

38. Mr. Smith was qualified for the position he held with Defendant.

39. Mr. Smith requested to return to work with or without reasonable accommodation and Newport Utilities failed to return Mr. Smith to work and provide the necessary reasonable accommodations.

40. Newport Utilities discharged Mr. Smith because of his disability in violation of the ADA.

41. As a direct and proximate result of Defendant's disability discrimination, Mr. Smith has suffered lost wages and benefits, for which Defendant is now legally liable.

42. As a direct and proximate result of Defendant's disability discrimination, Mr. Smith has suffered humiliation, embarrassment, and emotional distress.

43. Mr. Smith is entitled to reasonable attorney's fees and costs stemming from this violation of the ADA.

## COUNT II
### Interference and Violation of FMLA Rights and Entitlement

44. Mr. Smith incorporates by reference the allegations contained in Paragraphs 1–43 as if set forth fully herein.

45. Newport Utilities interfered with Mr. Smith's FMLA rights when he was deprived of the right to return to work as released by his physician in 2020 and that Newport Utilities further violated Mr. Smith's FMLA rights by simply relying upon its own regularly employed doctor's opinion [Dr. Bishop] that he should go on medical leave instead of being restored to his job with Newport Utilities with reasonable accommodations.

46. Newport Utilities failed to seek a third medical opinion regarding Mr. Smith's work restrictions after having a full released to return to work from Mr. Smith's physician, and a return to work with restrictions from Dr. Bishop, Defendant's referred physician thereby interfering with Mr. Smith's FMLA rights depriving Plaintiff of his entitlement, discriminating against him and violating FMLA federal law, including, but not limited to 29 U.S.C. §2613.

47. Newport Utilities was aware that the FMLA applied to Mr. Smith throughout his employment, including up to on or about October 30, 2020; however, Defendant recklessly, deliberately, and willfully violated Mr. Smith's FMLA entitlement rights by refusing to allow him to return to work which ultimately lead to his termination of long-term employment, income and benefits.

48. As a direct and proximate result of Defendant's failure to comply with the FMLA and afford Mr. Smith his FMLA rights and return to employment he has lost wages and employment benefits, has been unable to locate comparable employment in the area and will continue to lose wages and benefits in the future.

49. Mr. Smith avers that Newport Utilities interference with his FMLA entitlement rights and its discrimination/retaliation against him were in bad faith, were deliberate and malicious, and were in reckless disregard of his federally protected rights. Mr. Smith avers that he is entitled to an award of liquidated damages from Newport Utilities for its FMLA violations.

## PUNITIVE DAMAGES

50. Mr. Smith incorporates by reference the allegations contained in Paragraphs 1–49 as if set forth fully herein.

51. Newport Utilities acted with malice or reckless indifference to the federal protected rights of Mr. Smith, entitling Mr. Smith to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Larry S. Smith respectfully prays for relief as follows:

A. That process issue and Newport Utilities be required to answer this Complaint within the time prescribed by the *Federal Rules of Civil Procedure*.

B. That judgment be rendered against Defendant for all money damages, including lost wages, lost benefits, liquidated damages and interest which Plaintiff has incurred because of Defendant's interference in violation of Plaintiff's FMLA entitlement rights.

C. Alternatively, that judgment be issued against Defendant for all money damages, including lost wages, lost benefits, liquidated damages and interest which Plaintiff has incurred because of Defendant's FMLA related discrimination/retaliation against him.

D. That Plaintiff be awarded damages in the amount of wages, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest; compensatory damages for emotional distress, and punitive damages for Defendant's intentional interference of Plaintiff's protected rights under the ADA.

E. That Plaintiff be awarded actual monetary loss sustained by Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest.

F. That Plaintiff be awarded reasonable attorneys' fees and costs.

G. That Plaintiff be awarded such other legal and equitable relief to which Plaintiff may be entitled.

H. Plaintiff demands a Jury to try this cause.

Respectfully submitted,

/s/Jeffrey C. Taylor
**Jeffrey C. Taylor, Esq.** (BPR #013436)
TAYLOR LAW FIRM
365 West Third North Street
Morristown, Tennessee 37814
(423) 586-6812
jeff@taylorlawfirmtn.com

/s/ Ben W. Hooper, III
**Ben W. Hooper, III, Esq**. (BPR #013831)
CAMPBELL & HOOPER
335 East Main Street
Newport, Tennessee 37821
(423) 623-3082
bwh3rd@yahoo.com

Attorneys for Plaintiff, Larry S. Smith